Thomas v. Social Security Administration

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of January, two thousand fourteen.

**PRESENT:**

> **Dennis Jacobs,**
> **Denny Chin,**
> **Christopher F. Droney,**
> > *Circuit Judges.*

_____

**Eugene Thomas,**

> *Plaintiff-Appellant*,

> v.                                                                13-1873

**Social Security Administration,**

> *Defendant-Appellee*.

_____

**FOR PLAINTIFF -APPELLANT:**          Eugene Thomas, *pro se*, Brooklyn, NY.

**FOR DEFENDANT -APPELLEE:**          Arthur Swerdloff (Varuni Nelson, Kathleen A. Mahoney, *on the brief*), *for* Loretta E. Lynch, United States Attorney, Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Brodie, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Eugene Thomas, *pro se*, appeals the judgment of the United States District Court for the Eastern District of New York (Brodie, *J.*) granting summary judgment in favor of the Commissioner of Social Security ("the Commissioner") on Thomas' claim under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a). At oral argument in the district court, Thomas additionally complained that the Social Security Administration ("SSA") improperly appointed a representative payee prior to the issuance of a court order. Construing the *pro se* complaint liberally, *see, e.g.*, *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980), the district court considered this additional claim, and dismissed it for lack of subject matter jurisdiction. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a grant of summary judgment in a FOIA case. *See Brennan Ctr. for Justice at N.Y. Univ. Sch. of Law v. U.S. Dep't of Justice*, 697 F.3d 184, 193 (2d Cir. 2012). "Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." *Gonzalez v. City of Schenectady*, 728 F.3d 149, 154 (2d Cir. 2013). When an agency presented with a FOIA request claims that it cannot locate the requested documents, the agency has the burden of showing that it conducted an "adequate" search – that is, a search "reasonably calculated" to produce the requested documents. *Weisberg v. U. S. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984). Here, the SSA was unable to locate the requested court order notwithstanding multiple searches.

2

Moreover, a search of the docket and file associated with Thomas' guardianship proceedings in the Kings County Supreme Court revealed that no court order had been entered prior to October 1, 1999. Because the search was adequate, the district court properly granted summary judgment to the Commissioner.

In reviewing the dismissal of a claim for lack of subject matter jurisdiction, we review factual findings for clear error and legal conclusions *de novo*. *Liranzo v. United States*, 690 F.3d 78, 84 (2d Cir. 2012). The SSA may distribute benefits "for [a beneficiary's] use and benefit to another individual or entity as the beneficiary's representative payee." *Wash. Dep't of Soc. & Health Servs. v. Guardianship Estate of Keffeler*, 537 U.S. 371, 376 (2003) (alteration in original) (internal citations omitted). A plaintiff may seek federal judicial review of the SSA's appointment of a representative payee pursuant to 42 U.S.C. § 405(g) only after presenting the claim to the SSA and exhausting all administrative remedies. *See Califano v. Sanders*, 430 U.S. 99, 101–02 (1977); *Smith v. Schweiker*, 709 F.2d 777, 779-80 (2d Cir. 1983); 20 C.F.R. § 404.981. Because Thomas submitted no evidence that he filed a claim with the SSA and exhausted his administrative remedies, the district court lacked subject matter jurisdiction to review the claim. *Schweiker*, 709 F.2d at 780.

We have considered all of Thomas' arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3